United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 14-15340-ref
Elizabeth Pallotta                                                    Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4         User: admin              Page 1 of 1              Date Rcvd: Oct 31, 2014
                             Form ID: 180NEW          Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 02, 2014.
```
db              +Elizabeth Pallotta,    48 S. 5th Street,    Emmaus, PA 18049-3828
smg             +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                  Allentown, PA 18101-1603
smg              City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg             +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg             +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
13339556         Hayt, Hayt & Landau LLC,    123 S Broad Street,    Suite 1660,    Philadelphia, PA 19109-1003
13339559        +Penn Credit,    916 S 14th St,    Harrisburg, PA 17104-3425
13339560        +USCB Corporation,    P.O. Box 75,    Archbald, PA 18403-0075
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr               EDI: QDAEISENBERG.COM Nov 01 2014 01:48:00      DAVID ALAN EISENBERG,
                  David A. Eisenberg, Esquire,    3140B Tilghman Street,    PMB #321,    Allentown, PA  18104
smg             +E-mail/Text: robertsl2@dnb.com Nov 01 2014 02:03:33      Dun & Bradstreet, INC,
                  3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 01 2014 01:56:20
                  Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                  Harrisburg, PA  17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 01 2014 02:03:43      U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13357887        +EDI: ATLASACQU.COM Nov 01 2014 01:48:00      Atlas Acquisitions LLC,    294 Union St.,
                  Hackensack, NJ 07601-4303
13339555        +E-mail/Text: banko@berkscredit.com Nov 01 2014 01:55:59      Berks Credit & Collection,
                  900 Corporate Dr,    Reading, PA 19605-3340
13339557        +EDI: RESURGENT.COM Nov 01 2014 01:48:00      LVNV Funding LLC,    P.O. Box 10497,
                  Greenville, SC 29603-0497
13339558        +EDI: MID8.COM Nov 01 2014 01:48:00      Midland Funding,    8875 Aero Dr,    Ste 200,
                  San Diego, CA 92123-2255
                                                                                              TOTAL: 8
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty*             DAVID ALAN EISENBERG,    David A. Eisenberg, Esquire,    3140B Tilghman Street,    PMB #321,
                  Allentown, PA  18104
cr*             +Atlas Acquisitions LLC,    294 Union St.,    Hackensack, NJ 07601-4303
                                                                                              TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 02, 2014                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 30, 2014 at the address(es) listed below:
```
              BRAD J. SADEK    on behalf of Debtor Elizabeth  Pallotta brad@sadeklaw.com
              DAVID ALAN EISENBERG    on behalf of Trustee DAVID ALAN EISENBERG trustee@eisenbergpc.com,
               deisenberg@ecf.epiqsystems.com
              DAVID ALAN EISENBERG    trustee@eisenbergpc.com, deisenberg@ecf.epiqsystems.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 4
```

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Eastern District of Pennsylvania

Case No. <u>14–15340–ref</u>

**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
  Elizabeth Pallotta
  48 S. 5th Street
  Emmaus, PA 18049

Social Security No.:
  xxx–xx–6480

Employer's Tax I.D. No.:


## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).


                                                            BY THE COURT


Dated: <u>10/30/14</u>                                       <u>Richard E. Fehling</u>
                                                            United States Bankruptcy Judge


**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**